Filed 4/15/22  P. v. Mabson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS MABSON,<br><br>Defendant and Appellant. | C093654<br><br>(Super. Ct. No. 11F05321) |

Defendant Travis Mabson, along with accomplices Patrick Jerome McPherson and Patrick Joseph Godines, were all convicted of felony murder with special circumstances, attempted robbery, and burglary after their attempt to rob Michael Sanderson in his apartment ended in Sanderson's death.  We affirmed defendant's convictions on appeal. (*People v. Godines* (July 25, 2018, C078214/C078601) [nonpub. opn.] (*Godines*).)

In 2019, defendant filed a petition for resentencing under Penal Code[1] section 1170.95.  The trial court denied the petition after finding defendant was ineligible for relief as a matter of law given the jury's true findings on the attempted robbery-

_____

[1]     Further section references are to the Penal Code.

murder and burglary-murder special circumstances.  Defendant appeals, arguing he demonstrated prima facie entitlement to relief, and that the trial court should have issued an order to show cause and conducted an evidentiary hearing.  Finding no error, we affirm.

                                    BACKGROUND

For reasons detailed in our discussion, we need not provide considerable detail regarding the facts underlying defendant's crimes.  Briefly summarized, in 2011 codefendant McPherson arranged for his friend Jeanette Campbell to strip for Sanderson as a distraction to help with a robbery, and Campbell asked her friend Aubry Toews to help her in that role.  (*Godines*, *supra*, C078214/C078601.)  Defendant, Godines, and McPherson arrived at the apartment complex after the women entered the apartment.  (*Ibid.*)  McPherson texted Toews to let her know they were waiting.  (*Ibid.*)  Eventually, Toews went outside Sanderson's apartment to signal the men that it was time for the robbery to occur.  (*Ibid.*)  McPherson was driving, so he waited in the car while defendant and Godines went to the apartment.  (*Ibid.*)  Godines had a gun.  (*Ibid.*)

After entering the apartment, Godines opened the door to the bedroom where Campbell was dancing for Sanderson and turned on the lights.  (*Godines*, *supra*, C078214/C078601.)  He pointed a gun at Sanderson and demanded to know where Sanderson kept his money.  (*Ibid.*)  Sanderson moved toward the door and Godines fatally shot Sanderson in the chest.  (*Ibid.*)  Godines then told Campbell to "[f]ind the money" before he ran out of the apartment.  (*Ibid.*)  Campbell also ran out of the apartment and followed defendant and Godines to the car.  (*Ibid.*)

Defendant was found guilty of murder, attempted robbery, and burglary.  The jury found the special circumstance true that defendant committed the murder during an attempted robbery and a burglary, and it found not true that defendant was armed with a firearm during the offenses.  The jury was instructed with CALCRIM No. 703, which provided that in order to find the special circumstances true, the jury had to find that

2

although defendant was not the actual killer, he acted with intent to kill, or: "1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life."

Defendant was sentenced to life without the possibility of parole for the murder plus 10 years for two prior serious felony enhancements. The court imposed and stayed the sentences on the attempted robbery and burglary convictions under section 654.

In 2019, defendant filed a section 1170.95 petition for resentencing. After appointing counsel and receiving briefing, the trial court denied the petition, finding that because the jury found true the special circumstances, it "necessarily found that defendant . . . either was the actual killer, intended to kill, or was a major participant who acted in the robbery and burglary with reckless indifference to human life, as the jury was specifically instructed with CALCRIM No. 703 that it must make such a finding before finding true the Penal Code [section] 190.2, [subdivision] (a)(17) robbery-murder and burglary-murder special circumstances." The court noted that if defendant wanted to challenge the sufficiency of the evidence to support the special-circumstances findings in light of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, he would need to file a habeas corpus petition. \

## DISCUSSION

## I

### *Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder

liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

As originally enacted by Senate Bill No. 1437 (2017-2018 Reg. Sess.), section 1170.95, subdivision (a) provided that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Former section 1170.95, subdivision (b) required the petitioner to submit a declaration that averred eligibility for relief under the statute (based on the requirements of subdivision (a)), and stated the superior court case number, the year of conviction, and whether the petitioner requested appointment of counsel.

Former section 1170.95, subdivision (c), which dictated how the court handled petitions read:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

4

And finally, former section 1170.95, subdivision (d) provided that at a show cause hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed, the prosecution bore the burden of proving beyond a reasonable doubt that the petitioner was ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner [could] rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

In October 2021, the Governor signed Senate Bill No. 775 (2020-2021 Reg. Sess.) into law, amending section 1170.95 to, among other things, expand the persons eligible for resentencing to those convicted of attempted murder and manslaughter, codify our Supreme Court's recent holding in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) regarding a petitioner's right to counsel, and clarify the standard to determine the existence of a prima facie case under subdivision (c). (Stats. 2021, ch. 551, §§ 1, subd. (b), 2.) Senate Bill No. 775 went into effect on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c).)

As amended, section 1170.95, subdivision (c), now provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c) as amended by Stats. 2021, ch. 551, § 2.)

5

## II

*Defendant Is Not Entitled To Relief As A Matter Of Law*

Defendant contends the trial court improperly denied his petition "as a matter of law based solely on the [jury's] special circumstance findings." He argues the line of cases the trial court relied on that found a special-circumstance finding under section 190.2, subdivision (a)(17) precluded relief under section 1170.95 as a matter of law were "wrongly decided," and that because he was convicted prior to *Banks* and *Clark*, which changed the definitions of a major participant who acts with reckless indifference to human life, he should be allowed to litigate the elements of the special-circumstances felony murder under the "new" standard via his section 1170.95 petition.

The People argue the trial court properly denied resentencing at the prima facie stage because defendant is ineligible for relief as a matter of law given the special-circumstance findings.

In *Lewis*, *supra*, 11 Cal.5th at page 952, our Supreme Court recently held that the trial court may consider the record of conviction in determining whether the petitioner has made a prima facie showing that the petitioner falls within the provisions of section 1170.95. The Supreme Court reasoned: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.)

Following *Lewis*, we conclude that the trial court properly considered the record of conviction, including instructions to the jury and the jury's verdicts, in concluding that defendant failed to make a prima facie showing. We reject defendant's argument that relying on the jury instructions and the jury's true finding on the special-circumstance

6

allegations somehow was improper under *Lewis* because his petition had at least some "potential merit."

We also conclude defendant has failed to demonstrate error in the trial court's reliance on the jury's special-circumstance findings. "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special[-]circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802; *People v. Secrease* (2021) 63 Cal.App.5th 231, review granted June 30, 2021, S268862; *People v. Pacheco* (2022)

76 Cal.App.5th 118.)  We, however, find the *Galvan* and *Allison* line of cases more persuasive.

We remain unchanged in this view despite the passage of Senate Bill No. 775 (2020-2021 Reg. Sess.).**2**  Despite Senate Bill No. 775's changes to section 1170.95, the statute still explicitly links a person's eligibility to resentencing to the fact that he or she "could not presently be convicted of murder or attempted murder *because of* changes to Section 188 or 189 made effective January 1, 2019."  (Italics added.)  It is not the changes to sections 188 and 189 that provide the basis for defendant's challenge to his murder conviction here.  As the *Galvan* and *Allison* courts reasoned, "[t]he requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437." (*People v. Galvan*, *supra*, 52 Cal.App.5th at p. 1140; *People v. Allison*, *supra*, 55 Cal.App.5th at pp. 457-458.)

Indeed, the Legislature's findings and declarations support this conclusion.  "The Legislature finds and declares that this legislation does all of the following:  [¶] (a) Clarifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories. [¶]  (b) Codifies the holdings of [*Lewis*], regarding a petitioners' right to counsel and the standard for determining the existence of a prima facie case.  [¶]  (c) Reaffirms that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt.  [¶]  (d) Addresses what evidence a court may consider at a

---

**2**      To the extent the trial court denied defendant's petition at the prima facie stage without holding a hearing under subdivision (c) as now required by Senate Bill No. 775's (2020-2021 Reg. Sess.) amendments to section 1170.95, we conclude any error was harmless as defendant's still-intact special-circumstance findings precluded him from relief as a matter of law and no hearing would have changed or otherwise set aside those special-circumstance findings.

8

resentencing hearing (clarifying the discussion in *People v. Lewis*, *supra*, [11 Cal.5th] at pp. 970-972)." (Stats. 2021, ch. 551, § 1.) The Legislature's findings and declarations make clear that its amendments do not address the issue of whether a felony-murder special circumstance made before the *Banks* and *Clark* rulings is relevant to a finding of eligibility under section 1170.95. We will not impute otherwise and remain firm in our finding that *Galvan* and *Allison* are persuasive.

If defendant wishes to challenge the sufficiency of the evidence supporting the felony-murder special-circumstance findings, his remedy, like the trial court recognized, is to pursue extraordinary relief by way of habeas corpus. As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Id.* at p. 673-674.)

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

/s/
Robie, Acting P. J.

We concur:


/s/
Duarte, J.


/s/
Renner, J.

9